UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH DANIEL TABRON,

Plaintiff,

v.

RAYMOND MADDEN,

Defendant.

Case No. 21-cv-04517-EMC

**ORDER FOR PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

In the instant federal habeas action, United States Magistrate Judge Jacqueline Corley found that Petitioner had stated cognizable claims and ordered Respondent to file an answer. Docket No. 9. After Respondent declined Magistrate Judge Corley's jurisdiction, the action was reassigned to the undersigned. Docket Nos. 11-13.

After an extension of time, Respondent filed an Answer. Docket Nos. 20, 21. Petitioner subsequently filed a letter asking for the Court to stay this matter indefinitely while Petitioner awaits the outcome of a state proceeding. Dkt. No. 25. The Court declined Petitioner's request, noting that Petitioner had not provided sufficient information for the Court to determine whether a stay was warranted. Docket No. 28. However, the Court granted Petitioner an extension of time to respond to the Answer. *See id*.

Petitioner subsequently sought an additional extension of time because he is in Alameda County "for resentencing," Docket No. 29, and later provided the additional explanation that he is pursuing an "1170.95 petition," Docket No. 30. In the Petition filed in this action, Petitioner stated that he was challenging the conviction at issue in an "1170.95" proceeding in Alameda County Superior Court. *See* Docket No. 1 at 3. California Penal Code 1170.95, now renumbered


1172.6, allows persons convicted of murder under certain theories to "file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." Cal. Penal Code § 1172.6(a). Thus, at the time the Petition was filed and at the current time, Petitioner had proceedings pending in state court which may result in his "conviction" being "vacated." It therefore appears that the instant action is premature under *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger*, 401 U.S. at 43-54. The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). The Ninth Circuit also has required *Younger* abstention where "the retrial of [the petitioner's sentence] is proceeding in the state court," although the guilt phase has concluded. *Edelbacher v. Calderon*, 160 F.3d 582, 583–84, 585 (9th Cir. 1998).

Federalism and comity concerns are especially important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Even when the petitioner has exhausted his state remedies for the claims contained in the federal petition for writ of habeas corpus, *Younger* abstention is appropriate if there still is an appeal pending in state court. *See id*. at 634. "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Id*.

Absent extraordinary circumstances, abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in

the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Multiple courts, including another court in this District, have found the *Younger* criteria met and dismissed federal habeas petitions, under the circumstances presented here. *See, e.g., Anthony v. Pollard*, No. 21-CV-00569-HSG, 2021 WL 4951464, at *2 (N.D. Cal. Oct. 25, 2021) (finding *Younger* abstention necessary).[1]

Accordingly, Petitioner must show cause why this case should not be dismissed pursuant to *Younger*. Petitioner's response to this order is due no later than **March 17, 2023**. Respondent **shall** file a reply no later than **March 31, 2023**.

The briefing schedule on the Petition is vacated until this issue is resolved.

**IT IS SO ORDERED**.

Dated: February 16, 2023

_____
EDWARD M. CHEN
United States District Judge

---

[1] *See also Contreras v. Montgomery*, No. 16-CV-2813-BTM(BLM), 2023 WL 322496, at *7 (S.D. Cal. Jan. 19, 2023) (finding *Younger* abstention necessary); *Sinsun v. Pickett*, No. 22-CV-8354-CJC-SP, 2022 WL 696369, at *3 (C.D. Cal. Jan. 11, 2022) (same), *report and recommendation adopted sub nom. Isaac Sinsun, Petitioner, v. Jim Pickett, Respondent.*, No. 22-CV-8354-CJC-SP, 2022 WL 686707 (C.D. Cal. Mar. 7, 2022); *Banks v. Lynch*, No. 22-CV-0827-TLN-KJN-P, 2020 WL 6483903, at *2 (E.D. Cal. Nov. 4, 2020) (same), *report and recommendation adopted*, No. 22-CV-0827-TLN-KJN, 2021 WL 519377 (E.D. Cal. Feb. 11, 2021).