UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL TABRON,<br>　　　　Petitioner,<br>　v.<br>RAYMOND MADDEN,<br>　　　　Respondent. | Case No. 21-cv-04517-EMC<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>Docket No. 32 |

　　　　The Court screened Petitioner's habeas petition and ordered Respondent to file an answer. Docket No. 9. After an extension of time, Respondent did so. Docket Nos. 20-21. Petitioner subsequently was granted multiple extensions of time to file a traverse.

　　　　Petitioner's extension motions mentioned that Petitioner is being held in jail in Alameda County "for resentencing," and that Petitioner is pursuing an "1170.95 petition." Docket Nos. 29, 30. Because it appeared that Petitioner had proceedings pending in state court which may result in his conviction being vacated, the Court issued an order for Petitioner to show cause why this action is not *Younger*-barred. Docket No. 31.

　　　　On March 6, 2023, Petitioner filed a motion for an extension of time to file his response as he is still located at the Santa Rita Jail where there is limited library access, which hampers his ability to do legal research. Docket No. 32. For Petitioner's benefit, the Court will repeat the circumstances under which *Younger* applies. Abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the

practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Multiple courts, including another court in this District, have found the *Younger* criteria met and dismissed federal habeas petitions, under circumstances identical to those presented here. *See, e.g., Anthony v. Pollard*, No. 21-CV-00569-HSG, 2021 WL 4951464, at *2 (N.D. Cal. Oct. 25, 2021) (finding *Younger* abstention necessary).[1] If this action must be dismissed pursuant to *Younger*, "[t]he dismissal [will be] without prejudice to Petitioner filing a new petition when all state court proceedings arising out of the resentencing are concluded." *Id.* at *3.

Petitioner's request for an extension of time is **GRANTED**. **Petitioner must file his response no later for April 10, 2023**. **Respondent's reply is due by April 24, 2023**.

This order disposes of Docket No. 32.

**IT IS SO ORDERED**.

Dated: March 10, 2023

_____
EDWARD M. CHEN
United States District Judge

---

[1] *See also Contreras v. Montgomery*, No. 16-CV-2813-BTM(BLM), 2023 WL 322496, at *7 (S.D. Cal. Jan. 19, 2023) (finding *Younger* abstention necessary); *Sinsun v. Pickett*, No. 22-CV-8354-CJC-SP, 2022 WL 696369, at *3 (C.D. Cal. Jan. 11, 2022) (same), *report and recommendation adopted sub nom. Isaac Sinsun, Petitioner, v. Jim Pickett, Respondent.*, No. 22-CV-8354-CJC-SP, 2022 WL 686707 (C.D. Cal. Mar. 7, 2022); *Banks v. Lynch*, No. 22-CV-0827-TLN-KJN-P, 2020 WL 6483903, at *2 (E.D. Cal. Nov. 4, 2020) (same), *report and recommendation adopted*, No. 22-CV-0827-TLN-KJN, 2021 WL 519377 (E.D. Cal. Feb. 11, 2021).